IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2007

**STATE OF TENNESSEE v. ROBERT L. YATES**

**Direct Appeal from the Circuit Court for Warren County**
**No. F-10328     Larry B. Stanley, Jr., Judge**

_____

**No. M2006-02278-CCA-R3-CD  - Filed June 6, 2008**

_____

The defendant, Robert L. Yates, was convicted of aggravated robbery, a Class B felony, and was sentenced as a Range III, persistent offender to thirty years in the Tennessee Department of Correction.  On appeal, he argues that the trial court erred in overruling his motion to suppress and in allowing into evidence a photo identification.  After careful review, we affirm the judgment from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Bud Sharp, McMinnville, Tennessee (on appeal), and Tracy Caten, McMinnville, Tennessee (at trial), for the appellant, Robert L. Yates.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Lisa Zavogiannis, District Attorney General; and Thomas J. Miner, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant was convicted of aggravated robbery and sentenced to thirty years in the Tennessee Department of Correction.  On appeal, he argues that the trial court erred in overruling his motion to suppress and in admitting a photo identification into evidence.

The subject of the motion to suppress was an incriminating statement made by the defendant to police officers in which he acknowledged involvement in the crime.  The officer testified that he did not initiate the conversation with the defendant but did not discourage him from talking.  The defendant told the officers that he bought methamphetamine from the store clerk and that the store clerk said that $500.00 had been taken.  The defendant further told the officers that "there was a whole lot more than that taken, about $1,500.00 and one ounce of meth."

The defendant testified that the officer initiated a conversation with him by asking how the criminal case was going and asking him about the money that was taken. The defendant asserted that the officer lied. He said that he told the officer about the store clerk selling meth so the officers could "get her." The defendant testified that he previously pled guilty when he was guilty and said that he did not commit the underlying crime. He acknowledged that he had four prior felony forgery and theft convictions.

The court overruled the defendant's motion to suppress and held that the officer's testimony was credible. The court stated on the record that the officer had always been truthful with the court in the past and that he appeared to be telling the truth.

Analysis

The defendant concedes that he made the statement he sought to suppress but contends that it should have been suppressed because it violated his Miranda rights. His argument rests on whether the officer initiated their conversation. However, the defendant has not offered any evidence that the officer did anything to elicit the statement from him. The findings of fact made by the trial court at the hearing on a motion to suppress are binding upon this court unless the evidence contained in the record preponderates against them. State v. Ross, 49 S.W.3d 833, 839 (Tenn. 2001). The trial court, as the trier of fact, is able to assess the credibility of the witnesses, determine the weight and value to be afforded the evidence, and resolve any conflicts in the evidence. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). The prevailing party is entitled to the strongest legitimate view of the evidence and all reasonable inferences drawn from that evidence. State v. Hicks, 55 S.W.3d 515, 521 (Tenn. 2001). The defendant has the burden of establishing that the evidence contained in the record preponderates against the findings of fact made by the trial court. Braziel v. State, 529 S.W.2d 501, 506 (Tenn. Crim. App. 1975).

Here, the defendant has not met his burden of demonstrating that the evidence preponderates against the findings of fact made by the trial court. Therefore, he is not entitled to any relief on this issue.

Next, the defendant argues that the trial court erred in admitting a photo identification into evidence. The State asks this court to waive the issue because the defendant failed to object to the introduction of the evidence prior to trial and during trial. The State refers to Tennessee Rule of Appellate Procedure 36(a) to support the position that the issue was waived for failure to make a contemporaneous objection. We agree that the defendant failed to take necessary action to prevent the potential harmful effect of the error.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE